DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EDELMINO ACOSTA, JR., OLIVER A. ) <br> MONTOYA and HUMBERTO FIGUEROA, ) <br>   ) <br> **Plaintiffs,** ) <br> v.   ) <br>   ) <br> HOVENSA, LLC, THE UNITED ) <br> STEELWORKERS OF AMERICA and THE ) <br> UNITED STEELWORKERS OF AMERICA, ) <br> LOCAL CHAPTER 8526, ) <br>   ) <br> **Defendants.** ) <br> _____) | Civil Action No. 2008-089 |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the parties' "Stipulated First Amended Scheduling Order" which was filed on October 4, 2011 (Dkt. No. 82).

On September 14, 2010, the Magistrate Judge of this Court issued a Scheduling Order providing for the completion of all factual discovery by August 30, 2011; the filing of dispositive motions by March 30, 2012; and a trial date of June 4, 2012 (Dkt. No. 30). Over one month *after* the expiration of the scheduled discovery period, the parties now seek − through the filing of a Stipulated Amended Scheduling Order − to extend these and other deadlines established in the Court's Scheduling Order by approximately 2-3 months.

Rule 7(b) of the Federal Rules of Civil Procedure provides that "[a] request for a court order must be made *by motion*." (emphasis added). The Rule also provides that the motion must "state *with particularity* the grounds for seeking the order . . . ." *Id.* (emphasis added). These same requirements are echoed in this Court's Local Rules, which contemplate that requests for relief from the Court would be made by motion, accompanied by "a concise statement of reasons

and citation of authorities." LRCiv 7.1(a) and (c).  Also of particular relevance here is Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a "schedule [in a Scheduling Order] may be modified only for *good cause* and with the judge's consent." (emphasis added); *see also* Fed. R. Civ. P. 6(b)(1).  Further, under the Federal Rules a request to extend time filed *after* the expiration of the specified time period may be granted by the Court "if the party failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

Here, the parties are seeking relief from the Court, yet they have not adhered to the procedural requirement of doing so *by motion*.  They have presented their filing to extend the discovery period over one month *after* the expiration of the specified period for discovery, but unaccompanied by any showing of "*excusable neglect*."  And, the parties are requesting extensions of 2-3 months in the deadlines and trial date established in this Court's Scheduling Order, yet they have not attempted to demonstrate "*good cause*" for the relief requested. Although the Court recognizes that such filings may have become a common practice, this Court will not accept or consider filings that clearly fail to comply with the procedural requirements of the applicable Federal and Local Rules, nor will the Court look with favor on filings that constitute such a significant departure from the substantive requirements of those Rules.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that **NO RELIEF** shall flow from the parties' Stipulated First Amended Scheduling Order (Dkt. No. 82).  The parties are reminded of the need to adhere to the substantive requirements of the Federal and Local Rules of Civil Procedure.  It is further

**ORDERED** that the parties' Stipulated First Amended Scheduling Order (Dkt. No. 82) is **STRICKEN FROM THE COURT'S DOCKET**.  The parties may avail themselves of the

opportunity to submit a filing that is in compliance with the procedural requirements of the applicable Federal and Local Rules.

**SO ORDERED.**

Date: October 7, 2011 _____/s/_____
WILMA A. LEWIS
District Judge