**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| EDELMINO ACOSTA, JR., OLIVER A. MONTOYA and HUMBERTO FIGUEROA,<br><br>    Plaintiffs,<br> v.<br><br>HOVENSA, LLC, THE UNITED STEELWORKERS OF AMERICA and THE UNITED STEELWORKERS OF AMERICA, LOCAL CHAPTER 8526,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2008-089<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiffs*

**Linda J. Blair, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendant Hovensa, LLC*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendant United Steelworkers of America and the*
 *Defendant United Steelworkers of America, Local Chapter 8526*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

  THIS MATTER is before the Court on the Motion for Extension of Time filed by Plaintiffs, through their counsel, Lee J. Rohn, Esq., which is opposed by Defendants.[1] The

---

[1] Defendant Hovensa filed its "Opposition to Plaintiffs' Second Motion for Extension of Time," on May 7, 2012, (Dkt. No. 127). On May 10, 2012, Defendants United Steelworkers of America and United Steelworkers of America, Local Chapter 8526 filed a Motion for Joinder in Defendant Hovensa, LLC's Opposition. On May 20, 2012, the Court granted the Motion for Joinder. (Dkt. No. 139).

Motion, filed on May 3, 2012, (Dkt. No. 124), seeks an enlargement of time until May 21, 2012, within which to file oppositions to two Motions for Summary Judgment, each filed on March 30, 2012 by Defendant Hovensa, LLC, ("Defendant Hovensa") and Defendants United Steelworkers of America and United Steelworkers of America, Local Chapter 8526, ("Defendants Steelworkers"), respectively. (Dkt. Nos. 116, 118). This is Plaintiffs' second request for an enlargement of time to respond to Defendants' Motions for Summary Judgment, for a total extension of 28 days.

Plaintiffs' responses were originally due on April 23, 2012. *See* LRCi 56.1(b); Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 6(a)(1)(C). On April 26, 2012—three days *after* the deadline for Plaintiffs' responses—Plaintiffs' counsel filed a "Motion for Extension of Time *Nunc Pro Tunc*," seeking an extension until May 3, 2012. (Dkt. No. 120). Counsel represented that "she has been subject to an extremely busy schedule over the past month and was unable to complete the responses within the time required by the Court." (Dkt. No. 120 at 2). Plaintiffs' counsel then provided a list of legal matters on which she has been working as counsel, and concluded that the fact that she has been occupied with other cases constitutes "both good faith and a reasonable basis for noncompliance within the time specified in the rules." (Dkt. No. 120 at 3).

On April 28, 2012, the Court granted Plaintiffs' Motion for Extension of Time and ordered that Plaintiffs had up to and including May 3, 2012, within which to file their oppositions to Defendants' Motions for Summary Judgment. (Dkt. No. 121). However, the Court reminded Plaintiffs' counsel that a busy schedule does not constitute good cause and stated that "the Court will not look favorably on further requests for enlargements of time." (Dkt. No. 121 at 3).

Notwithstanding the Court's reminder that a busy schedule does not constitute good cause for an extension of time, and apparently unconcerned by the Court's expression that it would not look favorably upon further requests for an enlargement of time, Plaintiffs filed a second Motion for Extension of Time on May 3, 2012, seeking an additional eighteen days within which to respond to the Motions for Summary Judgment. (Dkt. No. 124). As discussed below, this motion does not satisfy the "good cause" requirement set forth in the applicable Federal and Local Rules of Civil Procedure.  Compounding Plaintiffs' substantive deficiencies in their motion for extension is the fact that Plaintiffs' extension request is in such close proximity to the trial date that the requested extension—if granted—would derail case management timelines and delay the scheduled June 4, 2012 trial of this matter. The Court cannot emphasize enough the gravity of this problem, and the seriousness with which the Court views it.

## I.   DISCUSSION

### A.   Legal Principles

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (quoting *Black's Law Dictionary* 251 (9th ed. 2009)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010).

The good cause standard articulated in Rule 6 applies to Rule 16 Scheduling Orders. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified *only* for good cause and with the judge's

consent.") (emphasis added). "The rationale for the 'good cause' requirement for modification of a court's scheduling order is that 'scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired.'" *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.,* 2008 WL 4642191, at *6 (D.V.I. Oct. 15, 2008) (quoting *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir. 1986)). "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Bell v. Lockheed Martin Corp.,* 2011 WL 1467365, at *4 (D.N.J. Apr. 18, 2011). Thus, "good cause" for an extension of time within which to submit a filing is the governing standard here.

  **B.**  **Analysis**

  In Plaintiffs' motion, Plaintiffs' counsel represents that she was unable to meet the established deadlines because "she is currently off island from May 2, 2012 through May 9, 2012 attending depositions" in another case. (Dkt. No. 124 at 1). Plaintiffs' counsel does not explain why being off island from May 2 through May 9 made it impossible for her to meet the May 3, 2012 extended deadline, or why she needed a further extension to May 21, 2012—an additional two-and-one-half weeks—to file her oppositions.

  In their Opposition, Defendants argue—and the Court agrees—that Plaintiffs' claim of a busy schedule does not satisfy the good cause standard. (Dkt. No. 127 at 1-2; Dkt. No. 128 at 1). Indeed, this Court has so found on prior occasions—including cases in which Attorney Rohn serves as counsel. *See, e.g.*, Civ. Case No. 2008-98, *Acosta, et al. v. Hovensa*, Dkt. No. 121, dated April 28, 2012 ("As the Court has repeatedly emphasized, a busy schedule does not constitute good cause"); Civ. Case No. 2008-71, *Galloway v. Island Mechanical Contractors,*

*Inc.*, Dkt. No. 107, dated February 21, 2012 ("The Court reminds Plaintiff that . . . [a] busy schedule does not constitute good cause.").

That counsel's busy schedule, by itself, is not good cause for an extension of time under Rule 6 of the Federal Rules of Civil Procedure is hardly a novel proposition. *See, e.g., Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991) (Scalia, Circuit Justice 1991) ("counsel's overextended caseload is not 'good cause shown,' unless it is the result of events unforeseen and uncontrollable by both counsel and client."); *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d at 355 (to satisfy good cause, "[i]t is not enough for counsel to claim that s/he is too busy to meet the deadline . . . ."); *Milligan v. Tupperware Worldwide, Inc.*, 1998 WL 53116, at *2 (2d Cir. 1998) ("[N]o more than a busy schedule handling other client's matters and a failure to anticipate foreseeable delays" does not establish good cause.); *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990) ("many calendar commitments" do not amount to good cause for an enlargement of time).

Thus, several Courts, including this Court, have rejected the invocation of a "busy schedule" as a legitimate justification for extending deadlines. This is especially so when the proposed extension does violence both to the management of the particular case *and* to the Court's trial calendar. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."); *Mendez v. Banco Popular*, 900 F.2d at 5 ("A district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of

5

noncompliance."); *Higuera v. Pueblo Int'l, Inc.*, 585 F.2d 555, 557 (1st Cir. 1978) ("There comes a point when the question arises who is running the court—counsel, or the judge. To this there can be but one answer.").

Accordingly, this Court has also emphasized the importance to proper case management of adherence to deadlines set forth in Scheduling Orders. *See, e.g., Darrah v. Virgin Islands ex rel. Juan F. Luis Hosp.*, 2011 WL 6181352, at *4 (D.V.I. Dec. 13, 2011) ("It is important to correct counsel's [here, referring to Attorney Rohn] mistaken belief regarding the optional nature of deadlines contained in scheduling orders. A duly entered scheduling order is a binding order of the Court."); *Gautier-James v. Hovensa, LLC*, 2012 WL 113777, at *4 (D.V.I. Jan. 13, 2012) ("[R]eworking . . . the discovery and expert deadlines at this late stage . . . will adversely affect this Court's case management schedule . . . [T]he penchant for repeated requests for extension of time grounded in one excuse after another must be brought to a halt in order for the Court to move and manage its docket.").

The situation at bar vividly illustrates these points. Here, Plaintiffs, through their counsel Attorney Rohn, seek an extension of time until May 21, 2012 within which to file their oppositions to Defendants' Motions for Summary Judgment, notwithstanding that this case is scheduled to go to trial on June 4, 2012. Allowing for Defendants' scheduled Replies, which would be due on June 7, 2012, (*see* LRCi 7.1(e)(2); Fed. R. Civ. P. 6(d)), the Court could not consider the fully briefed motion for summary judgment without continuing the trial. *See, e.g.*, *Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006) ("In the context of summary judgment, we have held strict enforcement of Local Rule 56.1 is 'justified in light of the district court's significant interest in maintaining the integrity of its calendar.'" (quoting *Wienco, Inc. v. Katahn Assocs., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992)).

The absence of proper justification for the motion for extension of time and the havoc that it would wreak on the schedule if granted are of particular concern to the Court because the motion addressed herein is not an isolated occurrence, but appears instead to be part of a pattern of filings by Attorney Rohn of motions for extension of time in litigation before this Court. Indeed, this motion is among *seven* motions for extension of time filed by Attorney Rohn between April 26, 2012 and May 3, 2012, and these seven motions for extension of time are among over *two dozen* such motions filed by Attorney Rohn during the past four months.[2]

---

2     Since January 1, 2012, Attorney Rohn has filed at least *twenty-seven* motions before the Court seeking an extension of time:
1. 2005-cv-119: *Nicholas v. Grapetree Shores*, Dkt. No. 158, dated February 13, 2012;
2. 2005-cv-119: *Nicholas v. Grapetree Shores*, Dkt. No. 187, dated April 27, 2012;
3. 2006-cv-106: *Gautier v. Hovensa*, Dkt. No. 265, dated March 15, 2012;
4. 2006-cv-106: *Gautier v. Hovensa*, Dkt. No. 267, dated March 26, 2012;
5. 2006-cv-106: *Gautier v. Hovensa*, Dkt. No. 272, dated March 30, 2012;
6. 2006-cv-106: *Gautier v. Hovensa*, Dkt. No. 280, dated April 13, 2012;
7. 2006-cv-106: *Gautier v. Hovensa*, Dkt. No. 321, dated May 2, 2012;
8. 2007-cv-51: *Paul v. Hovensa*, Dkt. No. 325, dated February 16, 2012;
9. 2007-cv-51: *Paul v. Hovensa*, Dkt. No. 376, dated May 2, 2012;
10. 2008-cv-71: *Galloway v. Islands Mechanical Contractors, Inc.*, Dkt. No. 106, dated February 16, 2012;
11. 2008-cv-71: *Galloway v. Islands Mechanical Contractors, Inc.*, Dkt. No. 110, dated March 6, 2012;
12. 2008-cv-71: *Galloway v. Islands Mechanical Contractors, Inc.*, Dkt. No. 177, dated May 2, 2012;
13. 2008-cv-86: *McAlpin v. Marriott International, Inc.*, Dkt. No. 245, dated April 26, 2012;
14. 2008-cv-86: *McAlpin v. Marriott International, Inc.*, Dkt. No. 251, dated May 2, 2012;
15. 2008-cv-86: *McAlpin v. Marriott International, Inc.*, Dkt. No. 252, dated May 2, 2012;
16. 2008-cv-89: *Acosta v. Hovensa*, Dkt. No. 120, dated April 26, 2012;
17. 2008-cv-89: *Acosta v. Hovensa*, Dkt. No. 124, dated May 3, 2012;
18. 2009-cv-77: *Kiskidee v. Certain Interested Underwriters at Lloyd's of London*, Dkt. No. 273, dated February 21, 2012;
19. 2009-cv-77: *Kiskidee v. Certain Interested Underwriters at Lloyd's of London*, Dkt. No. 278, dated February 29, 2012;
20. 2010-cv-88: *Reese v. U.S. Airways*, Dkt. No. 46, dated February 8, 2012;
21. 2011-cv-37: *Suid v. 1-800 Contacts, Inc. & Johnson & Johnson Vision Care, Inc.*, Dkt. No. 91, dated May 3, 2012;
22. 2011-cv-60: *Nunez v. Ace American Insurance Co.*, Dkt. No. 10, dated March 22, 2012;

Further, since April 26, 2012, Attorney Rohn has filed *nine* motions for extensions of time, based on her busy schedule in other matters in which she served as counsel.[3] This evidence of a pattern is troubling.

In Plaintiffs' "Reply to Defendant Hovensa, LLC's Opposition to Plaintiffs' Motion for Extension of Time," (Dkt. No. 136), Plaintiffs continue to argue that their counsel's busy schedule should—at least in the short term—be allowed to frustrate case management and imperil the Court's trial calendar. These arguments are unavailing.

First, Plaintiffs state that in this Court "for a number of years, approximately five, . . . most [civil] cases were simply repeatedly rolled to new deadlines for trials that were unable to be met by the parties . . . result[ing] in trials being scheduled for this year in cases that were considerably older than normal in an attempt to clear the backlog." (Dkt. No. 136 at 1). Plaintiffs further assert that, because this Court is now trying these cases, their counsel is attending to several other matters which, among other things, has prevented her from filing timely

---

23. 2011-cv-93: *Matta v. Indemnity Insurance Co.*, Dkt. No. 33, dated January 5, 2012;
24. 2011-cv-104: *Browne v. Acuren Inspection, Inc.*, Dkt. No. 12, dated February 7, 2012;
25. 2011-cv-104: *Browne v. Acuren Inspection, Inc.*, Dkt. No. 14, dated February 13, 2012;
26. 2011-cv-104: *Browne v. Acuren Inspection, Inc.*, Dkt. No. 42, dated April 27, 2012; and
27. 2012-cv-11: *Abraham, et al. v. St. Croix Renaissance Group, LLLC*, Dkt. No. 10, dated April 12, 2012.

[3] The cases in which such motions have been filed are:
1. 2009-cv-91: *Hector v. Linde Group*, Dkt. No. 86, dated May 18, 2012;
2. 2008-cv-89: *Acosta v. Hovensa*, Dkt. No. 124, dated May 3, 2012;
3. 2011-cv-37: *Suid v. 1-800 Contacts, Inc. & Johnson & Johnson Vision Care, Inc.*, Dkt. No. 91, dated May 3, 2012;
4. 2006-cv-106: *Gautier v. Hovensa*, Dkt. No. 321, dated May 2, 2012;
5. 2007-cv-51: *Paul v. Hovensa*, Dkt. No. 376, dated May 2, 2012;
6. 2008-cv-86: *McAlpin v. Marriott International, Inc.*, Dkt. No. 251, dated May 2, 2012; and
7. 2008-cv-86: *McAlpin v. Marriott International, Inc.*, Dkt. No. 252, dated May 2, 2012.
8. 2005-cv-119: *Nicholas v. Grapetree Shores, et al.*, Dkt. No. 187, dated April 27, 2012;
9. 2008-cv-86: *McAlpin v. Marriott International, Inc.*, Dkt. No. 245, dated April 26, 2012.

oppositions. However, this excuse simply resurrects—in a slightly different form—an argument previously advocated by Plaintiffs' counsel and rejected by this Court. As the Court advised Attorney Rohn and her client in *Darrah v. Virgin Islands ex rel. Juan Luis Hospital*, "Plaintiff's attempt to avoid responsibility for his own lack of diligence by blaming the Court for an alleged failure to try civil cases misses the mark." 2011 WL 6181352, at *5. The same response applies here.

Second, Plaintiffs' counsel provides a list of matters in which she has devoted time to trial preparation in the past eight weeks. In this regard, she describes two cases before the undersigned District Judge: "*Galloway vs. IMC*, Civil No. 2008/71, [which was] scheduled for trial on April 16, 2012 . . . [and] continued on April 4, 2012 *sua sponte*" and "*Gautier-James vs. HOVENSA*, Civil No. 2006/106, scheduled for trial May 14, 2012 [and] continued on April 30, 2012 *sua sponte*." (Dkt. No. 136 at 2). Plaintiffs' counsel appears to be suggesting that she devoted considerable time preparing to go forward with the trial dates in *Gautier* and *Galloway*, but that her efforts amounted to naught when the Court continued the trials *sua sponte*. While the Court does not challenge counsel's assertions regarding her heavy workload, the fact remains that in both *Galloway* and *Gautier*, Plaintiffs' eve-of-trial requests for enlargements of time contributed significantly to the continuances of the trial dates.[4]

---

[4] In *Galloway*, Civil Case No. 2008-71, the Plaintiff—citing Attorney Rohn's busy schedule—filed a Motion for Extension of Time on February 16, 2012, seeking until March 16, 2012 to file an Opposition to Defendant's Motion for Summary Judgment. (*See* Dkt. No. 106). On February 21, 2012, the Court granted in part and denied in part Plaintiff's motion, and ordered Plaintiff to file his Opposition by March 6, 2012. (Dkt. No. 107). Then, on March 6, 2012, the Plaintiff filed a second Motion for Extension of Time, (Dkt. No. 110), seeking an enlargement of time until March 9, 2012, within which to file Plaintiff's Opposition to Defendant's Motion for Summary Judgment. The Court granted that Motion on March 6, 2012. (Dkt. No. 112). Despite receiving *two* enlargements of time to file his Opposition, Plaintiff then submitted, without leave of court, a thirty-seven page Opposition, in violation of the twenty-page

Third, Plaintiffs' counsel cites cases that she is "currently preparing" for trials, including two before the undersigned Judge—*McAlpin-Clarke v. Marriott International, Inc. et al*, Civ. Case No. 2008-86 and the instant matter. Again, in both of these cases, counsel's failures to file timely oppositions to motions have adversely affected the Court's management of its docket.[5]

---

limit provided in Rule 56.1 of the Local Rules of Civil Procedure. (Dkt. No. 113). The Defendant moved to strike the Opposition on March 15, 2012, and on April 3, 2012, the Court issued a Memorandum Opinion and Order, granting the Motion to Strike and requiring that Plaintiff re-file his Opposition on or before April 10, 2012, in compliance with the Local Rules, and that Defendant file its Reply on or before April 24, 2012. (Dkt. No. 158). With the pending Motion for Summary Judgment, including the significant amount of time provided to Attorney Rohn's client within which to file his Opposition in a manner consistent with the Federal and Local Rules of Civil Procedure, the Court continued the jury trial scheduled for April 16, 2012, to July 16, 2012.

Also in *Galloway*, citing Attorney Rohn's "extremely busy schedule" (Dkt. No. 177), the Plaintiff has subsequently requested extensions of time to file responses to: "Defendant's Opposition to Motion in Limine Re Testimony of Buddy Martin," (Dkt. No. 157-1); "Defendant's Opposition to [Plaintiff's] Motion to Allow Beverly Jones to Testify Via Video Conferencing," (Dkt. No. 166); "Defendant's Motion to Limit Beverly Jones's Testimony to the Knowledge Stated in Plaintiff's Disclosures," (Dkt. No. 167); and "Defendant's Opposition to Plaintiff's Motion for Leave to File New Evidence," (Dkt. No. 174).

In *Gautier,* which was continued by the Court on April 30, 2012, because of a pending Motion for Summary Judgment, *Daubert* Motions, and Motions in Limine (*see* Civil Case No. 2006-106, Dkt. No. 315), Plaintiff's oppositions to Defendant's *Daubert* motions against two experts were due on April 14, 2012. However, on April 13, 2012, Plaintiff requested an extension to April 27, 2012, because of Attorney Rohn's busy schedule. Plaintiff's motion was granted *nunc pro tunc* by the Court on April 30, 2012, at which time the Court continued the May 14, 2012 trial because of the pending motions. (*See* Civil Case No. 2006-106, Dkt. Nos. 315 and 316). Notably, when the Court continued the trial on April 30, 2012, Plaintiff still had not filed her Oppositions to the *Daubert* motions, *despite the passage* of the April 27, 2012 extended deadline she had requested. On May 2, 2012, five days *after* her extension expired, Plaintiff requested another extension to respond to the *Daubert* motions because of Attorney Rohn's busy schedule—this time until May 18, 2012. (Dkt. No. 321).

[5]   In *McAlpin-Clarke v. Marriott International, Inc. et al*, Civ. Case No. 2008-86, trial was scheduled for June 4, 2012. Defendants filed Motions for Summary Judgment on April 6, 2012. On May 2, 2012, six days after her Oppositions were due, Plaintiff filed a motion seeking an extension of time—up to and including May 18, 2012—within which to file her Oppositions to the Motions for Summary Judgment. (*See* Dkt. No. 251). The Court granted in part the Motion for Extension and provided Plaintiff up to and including May 14, 2012, to respond. Thus, allowing for Defendants' Replies, the Motions for Summary Judgment would be ripe on May 31, 2012, only four days before the June 4, 2012 trial date. Plaintiff also sought a last minute

Fourth, Plaintiffs represent that one member of their counsel's firm is undergoing eye surgery and will be out for at least four weeks, while another will shortly be on maternity leave for two months. (Civil Case No. 2008-089, Dkt. No. 136 at 4).  While the Court appreciates and agrees that it is necessary to appropriately "accommodate these types of [] life situations," *id*., there is no indication that the current and impending absence of these attorneys has any bearing on this particular case and the requested enlargement of time at issue here.

Finally, Plaintiffs' counsel claims to understand the gravity of the problem created by her excessive motions for enlargement of time and describes the "extensive but unsuccessful recruitment efforts to hire additional attorney staff to accommodate the court's current pace," that she has made.  *Id*. at 6.  Stating that her firm "remains fully committed to resolving the staffing issue," Attorney Rohn "requests a period of 2-3 months to be able to accomplish th[e] task" of hiring "additional attorney staff." *Id*.  To the extent that Plaintiffs' counsel is seeking, through her Reply, a blanket grant by this Court of her clients' motions for extension of time for the next 2-3 months, that request is denied.  The Court will continue to address extension requests generated by Attorney Rohn as it addresses extensions filed by any other counsel—individually, based on the merits of the particular motion and the relevant circumstances.

On occasions in the past, this Court has reluctantly granted requests for an extension of time—notwithstanding deficiencies in the submission to the Court—in the interests of avoiding adverse consequences to the litigant.  *See, e.g.*, 2011-cv-93, *Matta v. Indemnity Insurance*, Dkt.

---

extension of time to file Oppositions to Defendants' *Daubert* motions (*see* Dkt. No. 245), and even after the extension was granted (*see* Dkt. No. 258), still failed to timely file the oppositions. Because these extensions of time provided the Court with little time to resolve fully briefed Motions for Summary Judgment and *Daubert* motions prior to the scheduled trial, on May 17, 2012, the Court *sua sponte* continued the June 4, 2012 trial date to August 6, 2012. (Dkt. No. 281). As with *Galloway* and *Gautier*, Plaintiff's failure to file timely oppositions to motions contributed substantially to the continuance of the trial date.

No. 34, dated January 9, 2012; 2008-cv-89, *Acosta v. Hovensa, LLC*, Dkt. No. 121, dated April 28, 2012; 2008-cv-71, *Galloway v. Islands Mechanical Contractors*, *Inc.*, Dkt. No. 107, dated February 21, 2012; *Galloway v. Islands Mechanical Contractors, Inc.*, Dkt. No. 112, dated March 6, 2012; 2006-cv-106, *Gautier-James v. Hovensa, LLC*, Dkt. No. 316, dated April 30, 2012; 2008-cv-86, *McAlpin-Clarke v. Marriott International, Inc. et al*, Dkt. No. 258, dated May 10, 2012.  The Court will exercise its discretion to do so here. However, the Court will not continue to afford counsel and their clients this privilege, especially under circumstances as exist here. *See Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d at 101 ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling *or* suffer the consequences.") (emphasis added).  In view of the Court's many rulings on motions for extension of time, counsel would be well served to heed the Court's rulings.

**UPON CONSIDERATION** of the foregoing and the entire record herein, it is hereby

**ORDERED** that Plaintiffs' Motion for Extension of Time, (Dkt. No. 124), is **GRANTED**; Plaintiffs shall have up to and including **May 22, 2012,** within which to file their Oppositions to Defendants' Motions for Summary Judgment (Dkt. Nos. 116 and 118); and it is further;

**ORDERED** that the trial scheduled for June 4, 2012, is continued to a date to be set by the Court; and it is further

**ORDERED** that, in lieu of a status conference in this matter, Attorney Lee J. Rohn shall discuss the substance of this Memorandum Opinion and Order with her client, Plaintiffs Edelmino Acosta, Jr., Oliver A. Montoya and Humberto Figueroa; provide a copy of this Memorandum Opinion and Order to Plaintiffs; and certify to the Court that she has complied

with this directive by filing on or before **June 1, 2012,** a Declaration attesting to her compliance, together with an attached signed Statement from each Plaintiff indicating that the substance of the Memorandum Opinion and Order has been discussed with him by his counsel, Attorney Rohn; that he understands the Memorandum Opinion and Order; and that he has received a copy of same.

    **SO ORDERED**.

Date: May 21, 2012                          _____/s/_____
                                                           WILMA A. LEWIS
                                                           District Judge