| | |
|---|---|
| EDELMINO ACOSTA, JR., OLIVER A. MONTOYA and HUMBERTO FIGUEROA, ) ) ) | |
| Plaintiffs, ) | |
| v. ) ) | Civil Action No. 2008-089 |
| HOVENSA, LLC, THE UNITED STEELWORKERS OF AMERICA and THE UNITED STEELWORKERS OF AMERICA, LOCAL CHAPTER 8526, ) ) ) ) ) | |
| Defendants. ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiffs*

**Linda J. Blair, Esq.,**
St. Croix, U.S.V.I.
   *For the Defendant HOVENSA, LLC*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
   *For the Defendant United Steelworkers of America and the Defendant United Steelworkers of America, Local Chapter 8526*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER is before the Court on Defendants United Steelworkers of America and United Steelworkers of America, Local Chapter 8526's ("Union Defendants") "Motion to Strike Plaintiffs' Notice of Additional Evidence," which was filed on June 14, 2012. (Dkt. Nos. 156 and 157). Defendant HOVENSA filed a "Motion for Joinder" to Union Defendants' Motion to

Strike on June 22, 2012. (Dkt. No. 174).[1]  Plaintiffs filed their Opposition on July 2, 2012. (Dkt. No. 185).  For the reasons discussed below, the Court will grant Defendants' "Motion to Strike Plaintiffs' Notice of Additional Evidence."

## I.  BACKGROUND

On March 30, 2012, Defendant HOVENSA and the Union Defendants filed their Motions for Summary Judgment in this matter.  (Dkt. Nos. 116 and 118, respectively).  On April 26, 2012—three days after Plaintiffs' responses to the Motions for Summary Judgment were due (*see* Fed. R. Civ. P. 6(d); LRCi 56.1(b))—Plaintiffs filed a "Motion for Extension of Time *Nunc Pro Tunc*," seeking an extension up to and including May 3, 2012, within which to file their responses on the grounds of their counsel's busy schedule.  (Dkt. No. 120).  On April 28, 2012, the Court granted the motion and extended the deadline for Plaintiffs' responses to Defendants' Motions for Summary Judgment to May 3, 2012.  (Dkt. No. 121).  In that Order, the Court noted that Plaintiffs had not provided excusable neglect or good cause for the extension, but that the Court would nonetheless exercise its discretion and extend the deadline.  *Id*. at 2-3.  The Court further noted that it would "not look favorably on further requests for enlargement of time." *Id*. at 3.

On May 3, 2012, Plaintiffs filed yet another "Motion for Extension of Time," asking for an extension of time up to and including May 21, 2012, on the grounds that their counsel was off-island taking depositions in an unrelated case.  (Dkt. No. 124).  On May 21, 2012, the Court again exercised its discretion and extended Plaintiffs' time to respond to the Motions for Summary Judgment to May 22, 2012, although Plaintiffs had again failed to demonstrate good cause for the extension.  (Dkt. No. 141).  Because of a troubling pattern of legally unsupported

---

[1]  By this Order, the Court will grant HOVENSA's Motion for Joinder.

2

motions for extension of time that Plaintiffs' counsel had filed over the preceding months—which this second successive Motion for Extension seemed to follow—(*id*. at 7, n.2), the Court stated:

> On occasions in the past, this Court has reluctantly granted requests for an extension of time—notwithstanding deficiencies in the submission to the Court—in the interests of avoiding adverse consequences to the litigant . . . . the Court will exercise its discretion to do so here. However, the Court will not continue to afford counsel and their clients this privilege, especially under circumstances as exist here. . . . In view of the Court's many rulings on motions for extension of time, counsel would be well served to heed the Court's rulings.

*Id*. at 11-12. The Court further ordered that Plaintiffs' counsel provide a copy of the Memorandum Opinion and Order to her clients; explain the substance of the Memorandum Opinion and Order to Plaintiffs; and have each Plaintiff sign a declaration indicating that the Memorandum Opinion and Order was discussed with him and that he understands it. *Id*. at 12-13.

On May 21, 2012, Plaintiffs filed their Oppositions to Defendants' Motions for Summary Judgment. (Dkt. Nos. 142 and 144). Then, on May 30, 2012—eight days after the Plaintiffs' twice-extended deadline for the filing of its Oppositions (*see* Dkt. Nos. 121 and 141)—Plaintiffs filed a "Notice of Additional Evidence Pursuant to Rule 26," in which Plaintiffs state, among other things:

> At the ratification of the new CBA between Hovensa and the Union, Mr. Jackson, the President of the Union, spent 20 minutes explaining that the standard under Section 16 was the time of continuous service from the date an employee actually began doing the work, and not the bid date. The language of the new CBA and the old CBA are the same.

(Dkt. No. 151 at 2).

On June 14, 2012, Defendants moved to strike this document on the grounds that it: 1) is unsupported by evidence and merely contains the argument of Plaintiffs' counsel; 2) violated the

3

Court's May 21, 2012 Order requiring Plaintiffs to file their Oppositions to Defendants' Motions for Summary Judgment by May 22, 2012; and 3) is an inappropriate filing under Rules 26 and/or 56 of the Federal Rules of Civil Procedure. (Dkt. No. 157).

On July 2, 2012, Plaintiffs filed an Opposition to the Motion to Strike, which included a document entitled "Plaintiffs' Supplemental Responses to HOVENSA's First Set of Interrogatories." (*See* Dkt. No. 185 and 185-2). The supplemental interrogatory responses are dated June 29, 2012 and, among other things, contain the same paragraph regarding the alleged statements of Mr. Jackson. (Dkt. No. 185-2 at 5). In their Opposition to the Motion to Strike, Plaintiffs argue that Defendants' Motion to Strike should be denied because Plaintiffs are required to supplement their discovery responses "in a timely manner" pursuant to Federal Rule of Civil Procedure 26(e), or risk having them excluded from trial. (Dkt. No. 185 at 4). Notably, Plaintiffs included no discussion of how their supplemental responses were "timely."

## II. DISCUSSION

### A. Applicable Legal Principles

Federal Rule of Civil Procedure 5(d) provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery . . . responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. (5)(d). Local Rule of Civil Procedure 26.1 provides:

> When Federal Rule of Civil Procedure 5(d) forbids filing documents or other material in connection with disclosures or discovery requests and responses, a party serving such material shall promptly file a notice setting forth the nature of the material and the date on which it was served. The Clerk of the Court shall return any documents or other material that are in violation of Federal Rule of Civil Procedure 5(d).

4

LRCi. 26.1

> Local Rule of Federal Procedure 56.1(b) provides:
>
> Any party adverse to a motion filed under this rule may file a response, brief, affidavits and other supporting documents within twenty (20) days of the filing of the motion . . . . The respondent shall affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each material fact.

LRCi. 56.1(b).

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu[ally] by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (quoting *Black's Law Dictionary* 251 (9th ed. 2009)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010).

Federal Rule of Civil Procedure 6(b)(1) further states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)-(1)(B). "Excusable neglect is a broad inquiry and 'determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *Clarke v. Marriott International, Inc.,* 2012 WL 2285188, at *2 (D.V.I. June 18, 2012) (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir.1999)). The untimely party carries the burden of demonstrating good cause and/or excusable neglect. *Id*. (citing *Glasgow v. Veolia Water North America Operating Servs. LLC*, 2011 WL 3471963, at *3 (D.V.I. Aug. 5, 2011)).

### B. Analysis

Plaintiffs' May 30, 2012 "Notice of Additional Evidence Pursuant to Rule 26" and their June 29, 2012 supplemental interrogatory responses repeating the contents of that Notice are not properly before the Court. Pursuant to Federal Rule of Civil Procedure 5(d), the contents of discovery responses "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d). Neither occurred here.

Here, Plaintiffs did not purport to file the two submissions at issue—the May 30, 2012 "Notice of Additional Evidence Pursuant to Rule 26" and the June 29, 2012 supplemental interrogatory responses—in conjunction with their Oppositions to Defendants' Motions for Summary Judgment. Further, the Court did not order Plaintiffs to file these documents. Accordingly, Plaintiffs filed them in violation of Rule 5(d) and LRCi 26.1. *See* Fed. R. Civ. P. 5(d); LRCi 26.1.

Moreover, assuming that Plaintiffs intended for the Court to accept their May 30, 2012 "Notice of Additional Evidence Pursuant to Rule 26" and their June 29, 2012 supplemental interrogatory responses as a motion to supplement their Oppositions to Defendants' Motions for Summary Judgment, such a motion would be denied as untimely and unsupported by good cause or excusable neglect. As noted above, Plaintiffs' responses to Defendants' Motions for Summary Judgment were initially due on April 23, 2012. *See* Fed. R. Civ. P. 6(d); LRCi 56.1(b). Despite failing to show excusable neglect or good cause, Plaintiffs nonetheless received *two* extensions of time from the Court, extending their time to file their responses by approximately one month—to May 22, 2012. Plaintiffs and their counsel were cautioned that the Court would not continue to grant their unsupported requests for extension of time. Nonetheless, eight days *after* the twice-extended response date, Plaintiffs then filed the instant "Notice of

Additional Evidence Pursuant to Rule 26," with no motion or explanation of its purpose. While purporting to contain "evidence," the Notice did not contain any of the recognized documents that may be filed in response to a Motion for Summary Judgment. *See Nicini v. Morra*, 212 F.3d, 798, 805-806 (3d Cir. 2000) ("Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."). Then, the signed interrogatory responses, dated June 29, 2012, were filed on July 2, 2012—in response to Defendants' Motion to Strike the otherwise unidentified Notice. This filing was almost six weeks after the twice-extended May 22, 2012 Court ordered deadline for Plaintiffs to file their responses to Defendants' Motion for Summary Judgment and nearly a month after Defendants had filed their replies in support of their Motions for Summary Judgment.[2] Plaintiffs acknowledge that Federal Rule of Civil Procedure 26(a) requires a party to "timely" supplement a prior discovery response, but provide no excuse for the untimeliness of their "Supplemental Responses to HOVENSA's First Set of Interrogatories."[3] This is reason enough to strike these documents. *See Canady v. Klaiber,* 2007 WL 81858, at *5 (N.D. Ohio 2007) (denying plaintiffs' motion for leave to file supplemental exhibits and affidavits in opposition to defendant's motion for summary judgment because "a review of the circumstances surrounding the . . . filings suggest the motion for leave to file is neither timely nor well considered.").

Further, Plaintiffs did not claim that their failure to file these untimely documents at the same time as their responses to Defendants' Motions for Summary Judgment was due to "good

---

[2] The Union Defendants and HOVENSA filed their reply briefs on June 4, 2012 (Dkt. No. 153), and June 7, 2012, (Dkt. No. 154), respectively.

[3] Plaintiffs' initial responses to HOVENSA's First Set of Interrogatories were filed on August 26, 2011, and September 2, 2011—ten months earlier.

cause" or "excusable neglect." *See* Fed. R. Civ. P. 6(b). Under these circumstances—where Plaintiffs have not even attempted to explain the untimeliness of their interrogatory responses, let alone to convince the Court that their untimely submissions should be considered as part of the record for summary judgment—the Court finds that Plaintiffs' "Notice of Additional Evidence Pursuant to Rule 26" and their June 29, 2012 "Supplemental Responses to HOVENSA's First Set of Interrogatories" should not be considered as part of their responses to Defendants' Motion for Summary Judgment. Accordingly, for these additional reasons the Court will grant Defendants' Motion to Strike. *See Fleming v. Livingston County, Ill.,* 674 F.3d 874, 881 (7th Cir. 2012) ("The district court did not abuse its discretion in granting the defendants' motion to strike Fleming's untimely submitted evidence."); *Valley Entertainment, Inc. v. Friesen*, 691 F. Supp. 2d 821, 825 (N.D. Ill. 2010) (denying party's "belated attempt to supplement its discovery responses in the midst of summary judgment briefing" because it was "untimely and Valley has not provided sufficient justification for the late disclosure."); *see also Sanders v. City of Union Springs,* 207 F. App'x. 960, 963-964 (11th Cir. 2006) (affirming district court's denial of plaintiffs' motion to supplement their opposition to defendant's motion for summary judgment because "[t]he plaintiffs in no way explained their failure to obtain the supplementary affidavits before the summary judgment deadline and did not show good cause for their motion."); *Jarrell-Henderson v. Liberty Mut. Fire Ins. Co.*, 2009 WL 347801, at *7 (E.D.Va. 2009) (granting motion to strike and excluding untimely produced documents from consideration on summary judgment).

### III. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' "Motion to Strike Plaintiffs' Notice of Additional Evidence," and will therefore strike Plaintiffs' "Notice of

8

Additional Evidence Pursuant to Rule 26" and "Plaintiffs' Supplemental Responses to HOVENSA's First Set of Interrogatories."

**UPON CONSIDERATION** of Defendants' "Motion to Strike Plaintiffs' Notice of Additional Evidence," Defendant HOVENSA's "Motion for Joinder in Union Defendants' Motion to Strike Plaintiffs' Notice of Additional Evidence," Plaintiffs' Opposition to the Motion to Strike, "Plaintiffs' Supplemental Responses to HOVENSA's First Set of Interrogatories," the entire record herein, and for the reasons discussed above, it is hereby

**ORDERED** that Defendant HOVENSA's "Motion for Joinder in Union Defendants' Motion to Strike Plaintiffs' Notice of Additional Evidence" is **GRANTED**; and it is further

**ORDERED** that Defendants' "Motion to Strike Plaintiffs' Notice of Additional Evidence" is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' "Notice of Additional Evidence Pursuant to Rule 26," (Dkt. No. 151), and "Plaintiffs' Supplemental Responses to HOVENSA's First Set of Interrogatories," (Dkt. No. 185-2) are **STRICKEN** from the docket.

    **SO ORDERED**.

Date: September 7, 2012                      _____/s/_____
                                                       WILMA A. LEWIS
                                                       District Judge