# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| EDELMINO ACOSTA, JR., OLIVER A. ) <br> MONTOYA, and HUMBERTO FIGUEROA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOVENSA LLC, UNITED STEELWORKERS ) <br> OF AMERICA, and UNITED ) <br> STEELWORKERS OF AMERICA, LOCAL ) <br> CHAPTER 8526, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2008-0089 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Carl A. Beckstedt III, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Hovensa LLC*

**Bruce Darwin Spector, Esq.,**
**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants United Steelworkers of America and*
    *United Steelworkers of America, Local Chapter 8526*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THE MATTER comes before the Court on the "Motion of Defendants United Stee[l]workers of America and United Steelworkers of America Local Chapter 8526 for an Order Granting an Award of Attorneys' Fees and Costs." (Dkt. No. 262). Defendants United Steelworkers of America and United Steelworkers of America Local Chapter 8526 (collectively "Union Defendants") filed this Motion and an accompanying Memorandum in Support (Dkt. No.

263) seeking attorneys' fees and costs after being granted summary judgment on all of Plaintiffs' claims. (Dkt. No. 255). The Union Defendants seek attorneys' fees and costs under 28 U.S.C.§ 1920, Fed. R. Civ. P. 54, L.R.Ci. 54.1 and 5 V.I.C. § 541. For the reasons set forth below, the Union Defendants' Motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Edelmino Acosta, Jr., Oliver Montoya, and Humberto Figueroa ("Plaintiffs") were hourly employees of Defendant Hovensa, LLC ("Hovensa"), who worked in the "Process Division," and were classified as "Process Operators." (Dkt. No. 256 at 2). Plaintiffs were members of the bargaining unit represented by the Union Defendants. The relationship between Defendant Hovensa and the Union Defendants is governed by a collective bargaining agreement ("CBA") which was in effect from March 7, 2007 through February 29, 2011. *Id.* at 2-3.

Plaintiffs commenced this action in October 2008 alleging that Hovensa had violated the CBA by failing to promote Plaintiffs to higher classification positions. (Dkt. No. 1 at ¶¶ 10-25; 43-44). Plaintiffs also alleged that the Union Defendants violated their duty of fair representation when they refused to pursue grievances against Hovensa regarding these promotions. *Id.* at ¶¶ 26-33, 40-41.

In their summary judgment pleadings, the parties agreed that Plaintiffs' claims against Defendants were "hybrid" section 301 claims brought under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 159 and 185. For Plaintiffs to succeed, they were required to prove both a breach of the CBA agreement by Hovensa and a breach of the duty of fair representation by the Union Defendants. (Dkt. Nos. 118-1 at 5-6; 142 at 7, 10; 144 at 8, 10-11; 256 at 7-8). In granting Defendants' Motions for Summary Judgment (Dkt. No. 256), the Court found that Hovensa did not breach the CBA based on Defendants' long-standing practice in applying key provisions of the

CBA, which the Court found was consistent with the CBA's terms. *Id.* at 17-19. Based upon the undisputed facts, the Court also concluded that the Union Defendants had a reasonable basis for refusing to pursue Plaintiffs' grievances. *Id.* at 22-27. Accordingly, the Court entered Judgment in favor of Hovensa and the Union Defendants and dismissed Plaintiffs' Complaint with prejudice. (Dkt. No. 255).[1]

The Union Defendants subsequently filed the instant Motion for an "Award of Attorneys' Fees and Costs" (Dkt. No. 262) requesting $21,124.25 in attorneys' fees and $4,496.40 in costs. (Dkt. No. 263 at 4).[2] The Union Defendants assert that as prevailing parties, they are entitled to an award of attorneys' fees and costs under 5 V.I.C. § 541, 28 U.S.C § 1920, and Fed. R. Civ. P. 54(b). *Id.* at 2-3. They argue that the Court found that Plaintiffs' claims were without legal or factual merit. *Id.* at 2. The Motion includes an Affidavit from the Union Defendants' attorney detailing the attorneys' fees and costs incurred in defending against Plaintiffs' claims. (Dkt. No. 263-1).

Plaintiffs filed a Response opposing the Union Defendants' Motion. (Dkt. No. 265). Plaintiffs argue that their claims were not frivolous. *Id.* at 1-3. Plaintiffs also assert that the Union Defendants' claimed costs and fees were excessive and that various activities were not recoverable under 5 V.I.C. § 541. Finally, Plaintiffs assert that Section 541 gives courts discretion in setting the amount awarded, which frequently results in awards that are only a "minor fraction" of the

---

[1] Upon Plaintiffs' appeal from this Judgment, the Third Circuit affirmed this Court's rulings. (Dkt. No. 281-82).

[2] Defendant Hovensa also filed a Motion for Attorneys' Fees and Costs and Amended Bills of Costs. (Dkt. Nos. 264, 267, 284). Before the post-judgment Motions were addressed, however, Hovensa filed for bankruptcy. (Dkt. No. 289). Plaintiffs and Hovensa settled their claims as part of the bankruptcy process and those claims have been dismissed with prejudice. (Dkt. No. 303, 304).

attorneys' fees charged to the prevailing party. *Id.* at 5-6. The Union Defendants filed a Reply addressing Plaintiffs' arguments. (Dkt. No. 269).

## II. DISCUSSION

The Union Defendants' Motion for Attorneys' Fees and Costs is based on both federal and local law. The recovery of attorneys' fees in the amount of $21,124.25 is sought under 5 V.I.C. § 541. (Dkt. No. 263 at 3-4). With respect to the claims for costs in the amount of $4,496.40, the Union Defendants rely on 28 U.S.C.§ 1920 and Fed. R. Civ. P. 54(d). *Id.*

### A. Attorneys' Fees

Under federal law, the United States Supreme Court has held that, absent express contractual or statutory authorization, courts adhere to the "American Rule" which requires each party to bear its own litigation costs, including attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 255 (1975).[3] The Union Defendants do not cite any provision under the LMRA which permits the recovery of attorneys' fees in an action thereunder, including the "hybrid" section 301 claims pursued by Plaintiffs in this matter. Further, it has previously been held in this District that § 301 of the LMRA does not authorize an award of attorneys' fees. *Cromwell v. United Steel Workers of America*, 2011 WL 13202676, at *2 (D.V.I. Sept. 26, 2011) (because the LMRA does not specifically authorize an award of attorney's fees, the prevailing party is entitled to such fees only if the action was frivolous or vexatious); *see also Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982) (American Rule regarding attorneys' fees applies to union/employer dispute absent claims litigated in bad faith, vexatiously,

---

[3] This general rule is subject to several narrow exceptions, however, that derive from the courts' historic equity powers. *See, e.g., United Food & Comm. Workers, Local 400 v. Marval Poultry Co., Inc.*, 876 F.2d 346, 350 (4th Cir. 1989) (equitable exception allowing attorneys' fees when a party in LMRA action, without justification, refused to abide by arbitration order). The Union Defendants cite to no equitable basis for the recovery of attorneys' fees in this case.

4

or for oppressive reasons). Nor do the Union Defendants refer to any provision in their CBA with Hovensa or any contract between the Unions and their members that permit the recovery of attorneys' fees as part of this contract dispute.

Instead of relying on any federal statute or contractual provision, the Union Defendants' sole basis to support its attorneys' fees claim is 5 V.I.C. § 541. This statute permits the prevailing party to recover costs, including reasonable attorneys' fees, under Virgin Islands law. Based on this statute, the Virgin Islands has been recognized as the only jurisdiction in the United States that has "abrogated the 'American Rule.'" *Hansen v. Bryan*, 68 V.I. 603, 613 (V.I. 2018). Notwithstanding the Virgin Islands' statute, however, both federal and local courts consistently have held that section 541's attorneys' fees provision does not apply to claims brought under federal law. *Thorstenn v. Barnard*, 883 F.2d 217, 218 (3d Cir. 1989) (finding attorneys' fees provision of 5 V.I.C. § 541 does not apply to federal claims); *see also Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999) (section 541 is only applicable to attorneys' fees for the prevailing party for Virgin Islands' territorial claims); *Sosebee v. Rath*, 893 F.2d 54, 56 (3d Cir. 1990) (reversing award of attorneys' fees because local statute directly conflicts with federal maritime law, which does not allow for attorneys' fees); *Hendricks v. Transp. Services of St. John, Inc.*, 41 V.I. 21, 33 (Terr. V.I. 1999) (attorneys' fees are not available in maritime cases, even under the "saving to suitors clause," because the local statute conflicts with federal maritime law's use of the American Rule as to claims for attorneys' fees).

Generally, the attorneys' fees provision of section 541 applies in only two circumstances. First, attorneys' fees are permitted under § 541 when non-federal claims are asserted in federal court based upon diversity jurisdiction. *See Mendez v. Puerto Rican International Co., Inc.*, 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015) (in diversity cases, this Court must look to local law to

determine what "costs," if any, are recoverable). Second, the attorneys' fees provision in Section 541 applies when there are pendant local law claims joined in the same action as federal claims. In this latter situation, however, attorneys' fees are permitted only to the that extent that the fees relate to pursuing or defending the local law claims. *See Smith v. Virgin Islands Port Authority*, 568 F. App'x 169, 171 (3d Cir. 2014) (affirming an award of attorneys' fees under Section 541 related to unsuccessful local law claims). The Union Defendants' request for attorneys' fees, which stems solely from federal claims, does not fall into either of these two categories.

Contrary to Plaintiffs' arguments, the Union Defendants are not claiming attorneys' fees on the grounds that Plaintiffs' claims were frivolous; they asserted only that the Court found the claims meritless. (Dkt. Nos. 263 at 2; 269 at 2). In any event, the Court concludes that while Plaintiffs' claims ultimately failed at the summary judgment stage, they cannot be deemed to be frivolous under the circumstances here. (Dkt. No. 256 at 16-17).

Based upon Plaintiffs' Complaint (Dkt. No. 1) and the summary judgment filings in this case, it is clear that Plaintiffs pursued claims only under the LMRA against the Union Defendants. In the absence of a local claim, the attorneys' fee provision of 5 V.I.C. § 541 does not apply. Nor is there any other basis for an award of attorneys' fees. For these reasons, the Union Defendants' Motion for Attorneys' Fees in the amount of $21,124.25 will be denied.

### B.    Recovery of Costs

The Union Defendants also seek an award of $4,496.40 in costs. (Dkt. No. 263-1 at 2). These costs include various deposition transcripts, copies of documents for use in depositions, and postage costs. *Id.* at 12-18, 21-23, 26. The Union Defendants cite to both 28 U.S.C. § 1920 and 5 V.I.C. § 541(a) as the authority for recovery of these costs. (Dkt. No. 263 at 2-3).

Federal Rule of Civil Procedure 54(d) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Unlike attorneys' fees, costs are generally awarded to a prevailing party as a matter of course, as Rule 54(d)(1) creates a "strong presumption that costs are to be awarded." *In re Paoli R.R, Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). However, "if a losing party is indigent or unable to pay the full measure of costs, a district court may . . . exempt the losing party from paying costs." *Id*. at 464. Since "the denial of such costs is akin to a penalty," the burden is on the losing party to show that an award of costs would be inequitable. Moreover, the district court is required to articulate its reasons if the court "'denies or reduces a prevailing party's award of costs.'" *Mendez*, 2015 WL 720974, at *2 (citations omitted).

The Union Defendants first cite to 28 U.S.C. § 1920, the general statute that permits the taxation of costs in favor of a prevailing party in cases litigated in "courts of the United States." Typically, costs under 28 U.S.C. § 1920 would be allowed to the prevailing party in accordance with Fed. R. Civ. P. 54(d)(1). Section 1920, however, is not applicable to the District Court of the Virgin Islands because it is not considered a "court of the United States" under that statute. *See Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 87 (3d Cir. 1988) (Section 1920 refers to "court of the United States" as defined by 28 U.S.C. § 451, which does not include territorial courts such as the District Court of the Virgin Islands); *Virgin Diving, LLC v. M/V Alyeska*, 2018 WL 4766993, at *2 (D.V.I. Feb. 5, 2018) (same). Accordingly, the Court is not authorized to award costs under 28 U.S.C. § 1920.

Absent a federal statute identifying the costs that are recoverable for federal claims in the Virgin Islands, courts have turned to the local statute allowing for costs. The Notes following the

Virgin Islands' local statute defining costs, 5 V.I.C. § 541, explains how Rule 54(d)(1) is deemed to apply to the assessment of costs in the Virgin Islands:

> Rule [54(d)] specifies when costs are allowed, and the procedure for taxing them, but it does not provide what items are included in costs. 28 U.S.C. §§ 1911-1929, which cover the latter subject, are not applicable to the district court of the Virgin Islands under 28 U.S.C. § 451. Therefore, it appears that local provisions, such as the present section [5 V.I.C. § 541], are needed to determine what costs shall be allowed [in federal courts in the Virgin Islands].

Federal courts have acknowledged the reasoning of the Code's comments when addressing costs allowed for federal claims pursued in the District Court of the Virgin Islands. *See Virgin Diving*, 2018 WL 4766993, at *2 (applying Rule 54(d) and Section 541 in admiralty case to award costs, not including attorneys' fees); *see also Fleming v. TK Sailing Corp.*, 2008 WL 5115050, at *1-2 (Dec. 1, 2008) (permitting costs under Section 541 for deposition transcripts as consistent with 28 U.S.C. § 1920). In light of the inapplicability of 28 U.S.C. § 1920 to cases in the District Court, allowing the recovery of reasonable costs under § 541 upholds the presumption that a prevailing party should recover costs, other than attorneys' fees, and fills the gap by using the local statute in the absence of any federal statute defining recoverable costs applicable in the District Court of the Virgin Islands.

Under the law of the Virgin Islands, costs generally are allowable to a prevailing party in litigation. 5 V.I.C. § 541. Costs, excluding attorneys' fees, allowed under § 541 include: (1) fees of officers, witnesses, and jurors; (2) necessary expenses of taking depositions which were reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a).

The Union Defendants seek $4,496.40 in costs incurred in defending against Plaintiffs' claims. Of that total, $4,443.75 were for deposition transcripts of the Plaintiffs and other witnesses which were used in the Union Defendants' Summary Judgment Motion. (Dkt. Nos. 199; 263-1 at 12-26). The remaining costs claimed were: $35.40 for copies of the CBA used in depositions and $17.25 in postage for certified mail costs incurred shortly before the scheduled trial. (Dkt. No. 263-1 at 18, 26).

Plaintiffs correctly assert that postage and photocopying charges are not recoverable because they are treated as part of overhead expenses. (Dkt. No. 265 at 4); *see Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014). Accordingly, the Court will deduct the photocopy charges and postage costs and award costs in the amount of $4,443.75.

Finally, in belated filings, Plaintiffs each submitted affidavits claiming indigency and arguing that attorneys' fees and costs should not be assessed against them because of their financial condition. (Dkt. No. 271). These affidavits, which were filed using the label of "Notice of Filing," were filed one day after the filing of Defendants' Reply to Plaintiffs' Response opposing attorneys' fees and costs. The "Notice" accompanying the affidavits indicated that counsel "inadvertently" failed to submit evidence of their inability to pay with their Response, which was filed 18 days earlier. *Id.* at 1.

The Defendants responded with a Joint Motion to Strike Plaintiffs' Affidavits arguing that the affidavits were untimely under Fed. R. Civ. P. 6(c)(2). (Dkt. No. 273). The Union Defendants assert that Plaintiffs' delay was either intentional "gamesmanship" or extreme inexcusable neglect, and that the affidavits should be stricken. *Id*. at 2-3. Plaintiffs oppose the Motion to Strike citing the untimeliness of Hovensa's amended bill of costs. (Dkt. No. 276). Plaintiffs also argue that their

inadvertent delay does not justify striking the affidavits because of the significant amount of attorneys' fees and costs being sought. *Id.* at 3.

Under Fed. R. Civ. P. 6(b), the Court may, in its discretion, permit an untimely filing "on motion made after the time has expired if the party failed to act because of excusable neglect." In ruling on a motion to strike or a motion to file a response out of time, this Court considers factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *See Gumbs-Heyliger v. CMW & Associates Corp.*, 2017 WL 1217153, at *1 (D.V.I. March 31, 2017) (applying the *Pioneer* factors).[4]

As a preliminary matter, Plaintiffs did not seek the Court's permission by way of a motion to file their belated affidavits. Instead, they simply submitted a "Notice of Filing," as if permission to file was a foregone conclusion. Such, of course, is not the case. Moreover, while the first two *Pioneer* factors weigh in favor of Plaintiffs—as the delay did not impact on the proceedings, nor does the Court perceive that the Defendants are prejudiced by the untimely filing—the Court finds that Plaintiffs' excuse for the delay is wholly unpersuasive. The amount of attorneys' fees and costs sought by the Union Defendants was obvious from their initial filings. As a result, it is difficult to comprehend how Plaintiffs could have "inadvertently" failed to file affidavits relating to their finances. This conclusion is reinforced by the fact that Plaintiffs' initial Response—which asked the Court to deny or significantly reduce the amounts of fees and costs requested—made no mention of Plaintiffs' financial condition as a basis for such a ruling. (Dkt. No. 273). In the absence of any argument related to their financial condition, financial affidavits would, of course, have

---

[4] Those factors are (1) "the danger of prejudice to the [other party];" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of [the untimely party];" and (4) "whether the [untimely party] acted in good faith." *See Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d Cir. 2010) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

been irrelevant. Thus, it appears that the belated filing of financial affidavits is less the result of "inadvertence" and more the product of an untimely new argument. In view of the foregoing, the Joint Motion to Strike the affidavits will be granted.[5]

### III. CONCLUSION

For the reasons discussed above, the Union Defendants' Motion "for an Order Granting an Award of Attorneys' Fees and Costs" (Dkt. Nos. 262) will be granted in part and denied in part. The Motion for Attorneys' Fees will be denied in its entirety due to the lack of statutory or contractual authority for the award of attorneys' fees in LMRA cases. The Motion for Costs will be granted in part—excluding overhead expenses relating to copies and postage—for a total award of $4,443.75.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 10, 2020

                                                                                                                                      /s/
                                                                                                           WILMA A. LEWIS
                                                                                                           Chief Judge

---

[5] It is worthy of note that, in view of the Court's conclusion above that attorneys' fees are not authorized and only costs can be being awarded—thus reducing the total amount potentially available to the Union Defendants by over 82%—the untimely affidavits would have had no effect on the Court's ultimate conclusion.